IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NOS.
        v.                  )        2:10cr242-MHT
                            )            (WO)
VERONICA DENISE DALE        )
```

OPINION AND ORDER

This case is before the court on defendant Veronica Denise Dale's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Because the 18 U.S.C. § 3553(a) factors do not support a sentence reduction, the court will deny the motion.

In this 2010 case, Dale pleaded guilty to one count of conspiracy to defraud the government in violation of 18 U.S.C. § 286, two counts of making false, fictitious, or fraudulent claims in violation of 18 U.S.C. § 287, and two counts of theft of government money, property or record in violation of 18 U.S.C. § 641. Former United States District Court Judge Mark E. Fuller sentenced Dale to a total of 240 months.

This consisted of 120 months on the conspiracy and theft offenses, set to run concurrently; and 60 months on each of the false-claim counts, consecutively to each other and to the 120-month sentence.

In a separate 2011 case, Dale pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343 and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) and (c)(5). *See United States v. Clayton, et al.*, Case No. 2:11-cr-00069 (M.D. Ala.). In that case, Judge Fuller sentenced Dale to a total of 94 months, and set the terms of imprisonment in the 2010 and 2011 cases to run consecutively to each other, for a total term of 334 months of imprisonment, followed by three years of supervised release. Dale did not file a motion for sentence reduction in the 2011 case.

According to the website of the Bureau of Prisons, Dale, who is 54, is currently designated to a Federal

2

Medical Center, and has a projected release date of 2033.

In her initial motion, Dale argued that she should receive a sentence reduction due to the danger posed to her by the spread of COVID-19, her incarceration in a crowded correctional facility, and her obesity, deficiencies of vitamin D and iron, respiratory issues due to her history of addiction to cigarettes and crack cocaine, and the increased susceptibility to COVID complications as a Black person. She also submitted evidence of rehabilitation as support for a sentence reduction. Finally, as discussed below, she later filed an addendum to her motion adding a new ground for a reduction: that her sentence is unusually long.

Dale seeks relief under 18 U.S.C. § 3582(c)(1), which authorizes a court to modify a term of imprisonment in only limited circumstances. As relevant here, that provision states:

3

"[T]he court, ... upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; ...

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(1)(A). By using the word "may," the statute vests courts with discretion to grant a reduction if the stated conditions are met; however, it requires that the exercise of that discretion be informed by consideration of the factors in 18 U.S.C. § 3553(a) to the extent they are relevant, in addition to the other requirements of the statute.

4

The "applicable policy statement" with which relief under § 3582(c)(1)(A) must be consistent is found in Guideline 1B1.13 of the United States Sentencing Guidelines.  *See* U.S. Sentencing Commission, 2025 Guidelines Manual (hereafter "U.S.S.G."), § 1B1.13. Guideline 1B1.13 mirrors § 3582(c)(1)(A) in that it provides that a court may reduce a term of imprisonment if the court determines that "[e]xtraordinary and compelling reasons warrant the reduction"; "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and "the reduction is consistent with this policy statement."  U.S.S.G. § 1B1.13(a).  The policy statement sets forth several categories of circumstances under which extraordinary and compelling reasons exist, including certain medical circumstances of the defendant.  *See* U.S.S.G. § 1B1.13(b)(1).

The first such circumstance includes when a defendant is suffering from a terminal illness, such as metastatic cancer. *See* § 1B1.13(b)(1)(A). A second circumstance is when a defendant is

> "(i) suffering from a serious physical or medical condition,
>
> "(ii) suffering from a serious functional or cognitive impairment, or
>
> "(iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

§ 1B1.13(b)(1)(B). A third circumstance is when "the defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." § 1B1.13(b)(1)(C). The final medical circumstance occurs when

6

"(i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

"(ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

"(iii) such risk cannot be adequately mitigated in a timely manner."

§ 1B1.13(b)(1)(D).

The court finds that Dale has sufficiently exhausted her administrative remedies as to her medical concerns. However, on the current record, the court is not convinced that she has adequately satisfied any of the relevant medical circumstances. She has not shown that she has a terminal illness, or that her medical conditions are so serious that they substantially diminish her ability to provide self-care within a

7

correctional facility. She has not shown that she has
not been provided with adequate care for her medical
conditions, and that as a result she is at risk of
serious deterioration or death. Finally, assuming, for
purposes of analysis, that she is housed at a
correctional facility at imminent risk of a COVID-19
outbreak and that she is at increased risk of suffering
severe medical complications or death as a result of
the outbreak, she has not shown that the risk to her
cannot be adequately mitigated in a timely manner.

As noted earlier, Dale asks the court to consider
her rehabilitation as an additional ground for a
sentence reduction. The evidence she has presented
compellingly shows that she has taken great advantage
of the opportunities available to her in prison to
rehabilitate herself, completing many courses and
maintaining a good institutional record, and she has
earned praise from many people, including the pastoral

staff at facilities where she has been incarcerated. However, the court cannot grant compassionate release on the basis of rehabilitation alone.

After briefing closed, Dale filed an "addendum" arguing that she is also entitled to compassionate release under Guideline 1B1.13(b)(6), which provides:

> "Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances."

U.S.S.G. § 1B.13(b)(6).*  It is unclear whether she has exhausted administrative remedies as to this ground for relief.

In any case, she has not met all requirements for relief under this provision.  Dale points out that she has served well over the required 10 years in prison for relief under this provision and argues that her sentence is unusually long.  The court assumes, for purposes of discussion, that Dale received "an unusually long sentence."  However, Dale has not identified any change in the law that would impact her sentence if she were sentenced for the same offenses today, or shown that such change, if it exists, would create a gross disparity between the sentence she received and what she likely would receive today.

_____

    * The court notes that the legality of this provision was recently argued before the United States Supreme Court.  *See Rutherford v. United States*, 145 S. Ct. 2776 (Mem) (June 6, 2025) (granting certiorari).

Moreover, while this court, in the exercise of its discretion, might have imposed a shorter sentence than the sentencing judge did, that possibility is not a relevant consideration under Guideline 1B1.13(b)(6), which focuses on only those unusually long sentences that resulted from laws that were changed after sentencings. Therefore, the length of Dale's sentence does not constitute an extraordinary and compelling reason for a sentence reduction under Guideline 1B1.13(b)(6).

***

Accordingly, it is ORDERED that defendant Veronica Denise Dale's motion a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 321) is denied.

DONE, this the 24th day of November, 2025.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE